Filed 11/9/15  P. v. Rivera CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICKY VALENTINO RIVERA,<br><br>    Defendant and Appellant. | D065375<br><br><br>(Super. Ct. No. SCD240753,<br>                    SCD243176) |

APPEAL from a judgment of the Superior Court of San Diego County, Louis R. Hanoian, Judge.  Affirmed in part, sentence vacated and remanded with directions.

Kessler & Seecof and Daniel J. Kessler, under appointment by the Court of Appeal, for the Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Brendon W. Marshall, Deputy Attorneys General, for the Plaintiff and Respondent.

A jury convicted Ricky Valentino Rivera of battery (Pen. Code,[1] § 243, subd. (d)) and found true an allegation that he personally inflicted great bodily injury on the victim during the commission of the battery (§ 1192.7, subd. (c)(8)). In separate proceedings, the court found true allegations that he had served two prior prison terms, had suffered one prior serious felony conviction, and two prior strike convictions. The court declined to exercise its discretion to strike one of Rivera's prior strikes under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. It sentenced him to 30 years to life in prison.

Rivera contends the court erroneously (1) denied his motion brought under *Faretta v. California* (1975) 422 U.S. 806, 819 (*Faretta*) to represent himself at trial, thus violating his constitutional right; and (2) refused to dismiss one of his prior strikes despite the fact his two prior strikes arose from a single act against a single victim. Finding merit in the second contention only, we remand the matter with directions that the trial court strike one of his prior strikes and resentence him. We otherwise affirm the judgment.

I. *The Court Did Not Err by Denying Rivera's Faretta Motion*

A. *Background*

On August 26, 2013, before the jury was selected, Rivera brought a motion to relieve appointed counsel under *People v. Marsden* (1970) 2 Cal.3d 118. The court denied the motion. Later that morning, Rivera requested to absent himself from the trial

---

[1]     All statutory references are to the Penal Code. The facts of the present crimes have no bearing on the legal issues we resolve in this case; accordingly, we dispense with a recitation of them.

proceedings.  The court also denied that motion.  That afternoon, Rivera made his *Faretta* motion.  The court asked Rivera if he was ready to proceed to trial and Rivera replied, "I think I can be ready if [defense counsel] gives me the copies and everything else." Defense counsel explained that he had given Rivera redacted versions of the police reports, but not some secondary materials, which still needed redacting:  "If I were to give [Rivera] everything, I would have to go through a very time consuming process redacting, that's a really slow process for me because I protect my backside.  I'm criminally liable, I'm civilly liable, and I'm liable for discipline with the State Bar if I turn over unredacted material to a defendant."

The court observed that it was in the middle of voir dire, Rivera was not ready for trial, and he would need a continuance to obtain certain discovery from appointed counsel.  The court stated Rivera had had four attorneys, including one retained counsel, who had quit representing him.  The prosecutor argued that the People would be prejudiced if the trial were continued because one witness had come from out of town, and approximately five other witnesses would no longer be available.  Rivera reiterated he was not ready to start trial that day.

The court reviewed the factors set forth in *People v. Windham* (1977) 19 Cal.3d 121, 128, 129 (*Windham*) and denied Rivera's *Faretta* motion, stating the matters Rivera complained about regarding his counsel's representation were not recent and therefore Rivera could have brought his motion earlier; Rivera's counsel was providing quality representation; and Rivera had been represented by four attorneys at that point.  Rivera

3

clarified that one of the attorneys was retained counsel who had terminated representation on his own. The court concluded: "[W]e look at the disruption or the delay that might reasonably be expected to follow if the request is granted, and that would be I would have to declare a mistrial and dismiss this panel. We'd have to continue the case and then there is the possibility of losing witnesses. There are 25 witnesses subpoenaed by the People in this case including people from out of town. [¶] This case is 18 months old, and there is . . . a disruption or delay that is inherent in the granting of this motion because you're not ready to go to trial at this point. . . . I would have to grant that and that is much more of a disruption or delay than is justified under the circumstances; and so, the motion to proceed in pro per is denied." Immediately afterwards the court commenced voir dire.

B. *Legal Principles*

Under the Sixth Amendment of the United States Constitution, defendants have a right to represent themselves in criminal trials. (*Faretta, supra,* 422 U.S. at p. 819.) A trial court must grant a defendant's motion for self-representation if the request is knowing, intelligent, unequivocal, and timely, that is, made within "a reasonable time prior to the commencement of trial." (*People v. Lynch* (2010) 50 Cal.4th 693, 721, 722.) A knowing, intelligent, and unequivocal motion made after this period is addressed to the sound discretion of the trial court. (*People v. Clark* (1992) 3 Cal.4th 41, 98.) In exercising its discretion, the court should consider factors such as "quality of counsel's representation of the defendant, the defendant's prior proclivity to substitute counsel, the

4

reasons for the request, the length and stage of the proceedings, and the disruption or delay which might reasonably be expected to follow the granting of such a motion." (*Windham, supra,* 19 Cal.3d at pp. 128, 129.) To determine whether the defendant properly invoked his right to self-representation, the reviewing court examines the entire record de novo. (*People v. Dent* (2003) 30 Cal.4th 213, 218.)

C. *Analysis*

Rivera brought his *Faretta* motion on the morning trial was scheduled to start. As such, the request was not made "within a reasonable time prior to commencement of trial." (See *People v. Moore* (1988) 47 Cal.3d 63, 79-81 [*Faretta* motion made on the day trial was set to begin would have been well within the court's discretion to deny]; *People v. Scott* (2001) 91 Cal.App.4th 1197, 1205 [*Faretta* motions made "just prior to the start of trial" are untimely]; *People v. Hill* (1983) 148 Cal.App.3d 744, 757 [*Faretta* motion made five days before trial was untimely and within trial court's discretion to deny].) By the time Rivera brought his *Faretta* motion, the proceedings had been ongoing for 18 months. The length and stage of the proceedings weighed against granting the *Faretta* motion.

Applying the other *Windham* factors, the trial court evaluated the quality of counsel's representation and concluded he was adequately representing Rivera. The court further found that Rivera's proclivity to substitute counsel weighed in favor of denying Rivera's *Faretta* motion. The court pointed out Rivera had had four different attorneys, although it acknowledged Rivera's assertion that retained counsel had quit and was not

5

fired by him. The court also considered the reasons for Rivera's motion and concluded, "These are reasons that could have been stated at some earlier time well before we started this whole process with the jury, but they were not." The court found Rivera's reasons inadequate to justify granting the motion. Moreover, granting the motion would have disrupted or further delayed the proceedings. In sum, the *Windham* factors militated against granting Rivera's untimely request to represent himself in propria persona. We therefore affirm the trial court's denial of the *Faretta* motion as well within the court's discretion.

## II. *One of Rivera's Prior Strikes Should Have Been Stricken*

### A. *Background*

At sentencing, Rivera moved to strike one of his prior strikes imposed under the "Three Strikes" law by arguing that his two prior strikes in a previous case—(*People v. Rivera* (Sept. 24, 1999, D030373) [nonpub. opn.])—arose from a single act against a single victim and therefore should be regarded as a single strike. Rivera pointed out that on appeal of that case, we addressed his challenge to his convictions for robbery with personal use of a firearm and personal infliction of great bodily injury; assault with a semiautomatic firearm with the personal use of a firearm; and personal infliction of great bodily injury and possession of a firearm by a felon. The facts supporting the robbery and assault convictions were that Rivera and a companion accosted the victim and pointed their guns to either side of his head. They told the victim not to move; he did, and he felt a gun hit him. They took the victim's jewelry and ran away. The trial court

6

had stayed the sentence on the robbery conviction under section 654. We reversed a true finding of personal infliction of great bodily injury, concluding the evidence was insufficient to support the jury's finding that Rivera personally inflicted any of the blows with the gun. Despite Rivera's arguments, the trial court denied the motion to strike a prior strike.

B. *Applicable Law*

Following the court's ruling on Rivera's *Romero* motion, the California Supreme Court decided *People v. Vargas* (2014) 59 Cal.4th 635 (*Vargas*), mandating that when a defendant's two prior felony convictions were tried in the same proceeding and committed "during the same course of criminal conduct, they were based on the same act, committed at the same time, against the same victim" (*id.* at p. 638), the trial court "should have dismissed one of them and sentenced defendant as if [he] had only one, not two, qualifying strike convictions." (*Id.* at p. 639). In *Vargas,* the defendant was convicted of robbery and carjacking based on her committing the same act of forcibly taking the victim's car. (*Vargas, supra,* 59 Cal.4th at p. 645.) The court concluded the electorate voting on the Three Strikes ballot initiative "would reasonably have understood the 'Three Strikes' baseball metaphor to mean that a person would have three chances— three swings of the bat, if you will—before the harshest penalty could be imposed. The public also would have understood that no one can be called for two strikes on just one swing." (*Id.* at p. 646.)

7

C. *Analysis*

The People concede, and we agree, that *Vargas* governs this case and mandates a different result.  Under *Vargas, supra,* 59 Cal.4th 635, one of Rivera's prior strikes must be stricken because his robbery and assault convictions were based on the same act, and committed at the same time.  "This is one of the extraordinary cases [citation] in which the nature and circumstances of defendant's prior strike convictions demonstrate the trial court was required to dismiss one of them because failure to do so would be inconsistent with the spirit of the Three Strikes law."  (*Id.* at p. 649.)

8

DISPOSITION

The matter is remanded for the superior court to strike one of Ricky Valentino Rivera's prior strikes and resentence him, consistent with the views expressed above, and forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.


O'ROURKE, J.

WE CONCUR:


HUFFMAN, Acting P. J.


McDONALD, J.